Mr. Justice Johnson
delivered the opinion of the court:
It is in general true, that with respect to wrongs done to the testator, or rights withheld from him, the executor cannot maintain an action in his own name, but must sue in his representative character ; but with respect to those which grow out of his administration of the estate, he may maintain an action in his own name. -Thus he may maintain trover in his own name, for the conversion of the goods of the testator in his own time. So by the terms of the contract made, with respect to the estate, he may assume his personal character, and give himself a personal remedy.
The question in this case, however, turns more directly on rules applicable to the peculiar character of the legal obligation imposed by the note on which this action is brought.
It is not doubted that the property in, as well as all the rights incident to a note, payable to bearer, is transferable by delivery, and amongst these, the right to sue is the most indisputable ; and whether we regard the natural import-of the term itself, or its legal consequences, the same result follows. It is in direct terms, a promise to pay to the bearer, and when once it passes out of the hands of the original payee, it enters into the circulating medium of the country, becomes identified with it as a repre *366 asntative of coin, and like it is the property of him who hr>' the legal possession ; and as an incident, the right to sue is indispensable.
The correctness of this conclusion is clearly deducible from the '•'anr-cr of dji-jcring, ana the proof necessary to supper., an act.on on such a contract. The plaintiff need not slate in his declaration, nor is it incumbent on him to prove any consideration for the transfer. The possession af the note is prima facie evidence of his right to recover. (Burrows, 1516.) Such proof only becomes necessary in reply to proof, raising; a suspicion that the plaintiff had come to the possession by improper means, as where it had been lost by a prior holder, &c. ; and even then he would he entitled to recover on proof that he paid value for it. (Chitiy on Bills, 62-3-4-269, 250.)
According to this rule, to drive the plaintiff to the proof ñfa consideration given for the note, it was incumbent on the defendant to throw some suspicion on his manner of obtaining the possession ; and so far from it, the proof in this case shows that his possession was rightful.
It is not denied that the plaintiff might, if he had thought proper, have sued in the character of executor, but he had a right as in very many other cases, to elect in what character he would sue. In this case he has made that election, and is entitled to recover.
It is said, however, that the assumption of this character would preclude a defence which the defendant might have had if he had sued in his representative character.— But I am inclined to think this would .not follow, as the hearer deriving his interest through his testator, he would be presumed to be conversant with every thing which affected his interest, apd consequently would be presumed to be the bearer, with notice of whatever'went to its destruction in the hands ,bf his testator.
The motion is refused.
Justices Noil, Gantt, Richardson and Huger, concurred.
O’Neal S¡> Johnson, for the motion.
Baushett 4* Dunlap, contra.